```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
GLENN JOHNSON,                                                :
                                                              :
                                    Plaintiff,                :
                                                              :            18-CV-5623 (ALC)
            -against-                                         :
                                                              :            OPINION & ORDER
CITY OF NEW YORK, ET AL.,                                     :
                                                              :
                                    Defendants.               :
                                                              :
                                                              :
------------------------------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/19

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Glenn Johnson brings this action, *pro se*, under 42 U.S.C. § 1983 against the City of New York, the New York Police Department, and Detectives Jalin Bulding, Robert Rentas, and Bryan Leote (collectively, "Defendants") alleging false arrest, malicious prosecution, and excessive force. For the reasons set forth below, Defendants' motion to dismiss as to the false arrest and malicious prosecution claims is **GRANTED**. Defendants' motion to dismiss as to the excessive force claims is **DENIED**, and Plaintiff is **GRANTED** leave to amend those claims.

## BACKGROUND

The following facts are taken from allegations contained in the Second Amended Complaint ("SAC"), ECF No. 13, and are presumed to be true for purposes of this motion.

Plaintiff alleges that his neighbor's son broke his car windows on two occasions and that Plaintiff was the victim of a robbery and gang assault, but that when he reported these crimes to the NYPD, they failed to make an arrest. SAC at 4. Next, Plaintiff alleges that he was "roughed up" by Detectives Bulding, Rentas, and Leote and that they placed him in tight handcuffs when they arrested him. *Id.* Plaintiff also alleges that, after this arrest, he was wrongfully accused and prosecuted for harassment in the second degree, attempted assault in the third degree, and "other

1

criminal charges" that were later dismissed. *Id.* Finally, Plaintiff alleges that when he went to the Harlem Hospital on November 2, 2015, he was "assaulted for [his] injuries." *Id.*

On September 7, 2016, Plaintiff was arrested for violating an order of protection entered by Plaintiff's neighbor. *See* Omniform Arrest Report, No. B16650701Y (ECF No. 42-B). The order of protection was valid through July 18, 2018 and was issued after Plaintiff was convicted of menacing his neighbor in violation of New York Penal Law § 120.14. *See* Order of Protection, (ECF No. 42-E). Plaintiff was arrested after his neighbor reported that, on five occasions, Plaintiff followed her and threatened to kill her and her son. After Plaintiff was arrested, he was charged in the Criminal Court of the City of New York, Bronx County on September 8, 2016 for violating the order of protection against his neighbor. *See* Criminal Court Complaint, Index No. 2016BX039153 (ECF No. 42-D). These charges were dismissed on speedy trial grounds on September 17, 2017. *See* Criminal Court Certificate of Disposition, Index No. 2016BX039153 (ECF No. 42-F).[1]

Plaintiff filed his complaint, *pro se*, on June 20, 2018. ECF No. 2. The Court granted Plaintiff leave to file an amended complaint, ECF No. 12, and Plaintiff filed this amended complaint on October 26, 2018. ECF No. 13. The Court held a telephone conference on April 2, 2019. On August 8, 2019, Defendants submitted a motion to dismiss. ECF No. 41. Plaintiff filed an opposition on September 30, 2019. ECF No. 44.[2] Finally, Defendants replied on November 4, 2019. ECF No. 45.

---

[1] Many of the facts relating to Plaintiff's arrest, and the order of protection and charges against him, are relevant to Plaintiff's claims, but were not included in his complaint. Accordingly, the Court takes judicial notice of the Arrest Report, the Order of Protection, the Criminal Court complaint, and the Certificate of Disposition cited in the preceding paragraph.

[2] Defendants correctly note that Plaintiff submitted his opposition on September 30, 2019, which was after the due date of September 16, 2019. Nevertheless, since Plaintiff is *pro se*, this Court excuses this 14-day delay.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Fed. R. Civ. P 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

Taking this standard into consideration, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(citation omitted). In particular, "the pleadings of a pro se plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

"To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). A complaint under § 1983 "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

## DISCUSSION

Read liberally, Plaintiff's complaint alleges four causes of action: (1) false arrest, (2) malicious prosecution, (3) excessive force, and (4) *Monell* liability. Plaintiff's false arrest and malicious prosecution claim are dismissed because probable cause existed for both the arrest and the prosecution.[3] Plaintiff's excessive force and *Monell* liability claims are also dismissed because Plaintiff does not adequately plead these causes of action.

I. **False Arrest**

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted). Probable cause is a complete defense to false arrest. *Id.* It "exists when

---

[3] Since the Court dismisses the first two causes of action based on probable cause, the Court does not address the issue of qualified immunity. Qualified immunity is judged by a more lenient "arguable probable cause" standard, which is certainly satisfied when, as here, there was probable cause for the arrest and prosecution. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004).

4

the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995). Probable cause does not require an actual showing of guilt. *Illinois v. Gates*, 462 U.S. 213, 243 n.13. In addition, probable cause may be based solely on information received from an alleged victim or eyewitness, so long as there is no reason to doubt that person's veracity. *Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014). Thus, if on the facts alleged, the arresting officers had knowledge and reasonably trustworthy information that Plaintiff had committed a crime, a false arrest claim fails as a matter of law.

In this case, Plaintiff was arrested based on his neighbor's complaint that he had violated an order of protection by following her and threatening to shoot her on five different occasions. *See* Criminal Court Complaint, Index No. 2013BX035449 (2013). This, alone, suffices as probable cause for the arrest, as long as there is no doubt as to the "reliability or veracity" of the neighbor's complaint. *Betts*, 751 F.3d at 81. Plaintiff does not allege, nor does there appear to be any indication in the record, that Plaintiff's neighbor was unreliable. In fact, the underlying order of protection was issued after Plaintiff was successfully convicted for menacing the neighbor. Given the valid order of protection between Plaintiff and his neighbor, and her complaint that he followed and threatened her, the arresting officers had reasonably trustworthy information that Plaintiff committed a criminal offense. Thus, his false arrest claim fails as a matter of law.

II. **Malicious Prosecution**

To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d

149, 161 (2d Cir. 2010) (citation and internal quotation marks omitted). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (internal citations and quotation marks omitted). "The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Id.* Nevertheless, "[i]n order for probable cause [upon arrest] to dissipate," and thus justify a claim of malicious prosecution, "the groundless nature of the charge must be made apparent by the discovery of some intervening fact." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003).

In this case, there is no doubt that probable cause existed for commencing the proceedings against Plaintiff. Not only was there a valid order of protection against Plaintiff that was entered after he was convicted of menacing his neighbor, his neighbor also alleged five specific incidents over the course of four months where Plaintiff followed her and threatened to kill her and her son. *See* Criminal Court Complaint, Index No. 2016BX039153. The neighbor's complaint provided an adequate basis for a reasonably prudent person to believe that Plaintiff was guilty of violating the order of protection, in violation of New York Penal Law § 215.50(3). Plaintiff also cites no intervening facts that indicate that the probable cause established during his arrest dissipated between his arrest and his prosecution. Accordingly, Plaintiff's malicious prosecution claims must be dismissed.[4]

---

[4] Even if Plaintiff had established the lack of probable cause, he has not sufficiently pled the other elements of a malicious prosecution claim. The charges against him were dismissed on speedy trial grounds, and Plaintiff has not alleged that this "termination of the prosecutions against him affirmatively indicated his innocence." *Lanning v. City of Glen Falls*, 908 F.3d 19, 28 (2d Cir. 2018). Similarly, Plaintiff makes no allegations regarding Defendants' "actual malice."

III. **Excessive Force**

"A claim that excessive force was used . . . is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 395–396 (1989)). The "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (citing *Graham*, 490 U.S. at 397). Granting "a motion to dismiss an excessive force claim is appropriate if, accepting all of the allegations as true, it is clear that the force used by the officers was objectively reasonable under the circumstances." *Jones v. Rivera*, No. 13-CV-1042, 2015 WL 8362766, at *5 (S.D.N.Y. Dec. 7, 2015) (citation omitted).

Unnecessary handcuffing can give rise to a § 1983 excessive force claim "where plaintiff suffers injury as a result." *Lloyd v. City of New York*, 246 F.Supp.3d 704, 724 (S.D.N.Y. 2017) (citing *Usavage v. Port Auth. of N.Y. and N.J.*, 932 F.Supp.2d 575, 592 (S.D.N.Y. 2013)). Although handcuffs must be reasonably tight to be effective, an alleged injury more severe than temporary bruising or discomfort may be sufficient to constitute excessive force. *Id*; *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F.Supp.2d 459, 468 (S.D.N.Y. 2008) (citing *Kerman v. City of New York*, 261 F.3d 229, 239–40 (2d Cir. 2001)). "In evaluating the reasonableness of handcuffing, a [c]ourt is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *White v. City of New York*, 2019 WL 1428438, *10 (S.D.N.Y. March 29, 2019) (quoting *Lynch*, 567 F.Supp.2d at 468). Allegations of "brief numbness" are not sufficient

to sustain an excessive force claim. *Hamlett v. Town of Greenburgh*, 2007 WL 119291, *3 (S.D.N.Y. Jan. 17, 2007).

In this case, Plaintiff alleges that he was "roughed up" by Detectives Bulding, Rentas, and Leote, and that they placed him in "tighted [sic] handcuffs." Plaintiff does not, however, allege any physical injury as a result of either being "roughed up" or being placed in tightened handcuffs. Thus, these allegations alone are insufficient to support his excessive force claim. Even assuming the handcuffs were "unreasonably tight," Plaintiff does not allege that he informed the officers of his discomfort or that he suffered "injury to the wrists." *White*, 2019 WL 1428438 at *10. As to Plaintiff's general allegation that he was "roughed up," this threadbare allegation does not suffice to demonstrate that the force used by the officers was objectively unreasonable under the circumstances. Although the court is "obligated to draw the most favorable inference that [Plaintiff's] complaint supports, [it] cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Without specific allegations of injuries that resulted from being "roughed up" or placed in tightened handcuffs, Plaintiff's claim for excessive force fails. However, "[a] *pro se* complaint 'should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Although Plaintiff's complaint is deficient as it is currently presented, since he could plausibly allege claims for excessive force—by including specific allegations of injury and details of the alleged excessive force—he is granted leave to amend his complaint to include any such allegations.

IV. *Monell* Liability[5]

Under *Monell v. Dep't. of Soc. Servs.*, liability may be imposed "on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." 436 U.S. 658, 692 (1978) (internal quotation marks omitted). To state a prima facie case of municipal liability, a plaintiff must allege: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotation marks and citation omitted). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F.Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).

In this case, Plaintiff brings claims against the City, but fails to allege any specific facts that demonstrate a policy or practice of denying constitutional rights, and fails to allege inadequate training or supervision. In fact, other than naming the City of New York as a defendant in this

---

[5] If Plaintiff fails to show that the individual defendants committed underlying constitutional violations, then his municipal liability claims must fail. *See Askinsv. Doe No. 1*, 727 F.3d 248, 253-54 (2d Cir. 2013) ("Where the plaintiff does proceed against both the municipal actors alleged to have inflicted the tort and the municipality that promulgated the offensive policy, the plaintiff's failure to secure a judgment against the individual actors would, indeed, preclude a judgment against the municipality if the ruling in favor of the individual defendants resulted from the plaintiff's failure to show that they committed the alleged tort."). However, since Plaintiff was granted leave to file an amended complaint on his excessive force claims, and since he could plausibly allege such claims, the Court separately analyzes his *Monell* claim.

action, Plaintiff alleges no facts against the City. At most, Plaintiff points to the single, alleged violation of his constitutional rights. Normally, "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality]." *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008). "To survive a motion to dismiss, Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *7 (S.D.N.Y. Jan. 27, 2016) (quotation omitted). Plaintiff provides no such allegations, and as such, his *Monell* liability claim fails.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff is **GRANTED** leave to amend his complaint as to his excessive force claims.

**SO ORDERED.**

Dated: **December 23, 2019**
      **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**