USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:_____
DATE FILED: 6/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GLENN JOHNSON,                                :
                                              :
                     **Plaintiff**,       :
                                              :       **18-CV-5623 (ALC)**
    -against-                                :
                                              :       <u>**OPINION & ORDER**</u>
CITY OF NEW YORK, ET AL.,                     :
                                              :
                     **Defendants.**    :
                                              :
                                              :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

       Plaintiff Glenn Johnson brings this action, *pro se*, under 42 U.S.C. § 1983 against the City of New York, the New York Police Department, and Detectives Jalin Bulding, Robert Rentas, and Bryan Leote (collectively, "Defendants"). On December 23, 2019, the Court dismissed Plaintiff's claims for false arrest, malicious prosecution, and *Monell* liability but granted him leave to amend his complaint with regard to his excessive force claims. Plaintiff filed a Second Amended Complaint and Defendants filed a motion to dismiss this Complaint. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## BACKGROUND

       The following facts are taken from allegations contained in the Second Amended Complaint ("SAC"), ECF No. 48, and are presumed to be true for purposes of this motion.

       On September 7, 2016, Plaintiff was arrested for violating an order of protection entered by Plaintiff's neighbor. *See* Opinion & Order (ECF No. 47) at 2. Plaintiff alleges that on September 7, 2016 while being held at the 43rd Precinct, he had an argument with Detective Bulding. *See* SAC at 5. Detective Bulding then pulled Plaintiff out of the holding pen, causing Plaintiff's head and body to hit the wall, and Bulding and two other detectives grabbed Plaintiff

and shoved him against a wall. *Id.* They placed him "in tight hand cuffs" and put him back inside the holding pen. *Id.* Plaintiff complained to the officers that he wanted to go to the hospital but they refused his request. *Id.* As a result of the incident, Plaintiff suffered a bump on his forehead, head pain, bruises on his left and right wrists, and numb wrists. *Id.* at 6.

Plaintiff filed a complaint on June 20, 2018. ECF No. 2. The Court granted Plaintiff leave to file an amended complaint, ECF No. 12, and Plaintiff filed this amended complaint on October 26, 2018. ECF No. 13. On August 8, 2019, Defendants submitted a motion to dismiss. ECF No. 41. On December 23, 2019, the Court granted Defendants' motion to dismiss as to Plaintiff's claims for false arrest, malicious prosecution, and *Monell* liability. ECF No. 46. However, the Court granted Plaintiff leave to amend his complaint as to his excessive force claims, and specifically to include "specific allegations of injury and details of the alleged excessive force." *Id.* at 8.

Plaintiff filed a second amended complaint on January 21, 2020. ECF No. 48. The Court granted Defendants leave to file a motion to dismiss the second amended complaint, ECF No. 50, and Defendants filed this motion on February 28, 2020, ECF No. 51–52. Plaintiff's opposition was due on April 3, 2020. Plaintiff did not respond by this deadline. The Court then ordered Plaintiff to respond to Defendants' motion to dismiss by May 8, 2020 and noted that if Plaintiff failed to respond, "this Court will treat Defendants' motion as unopposed." ECF No. 54. To date, Plaintiff has not responded. The Court accordingly deems Defendants' motion unopposed.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Fed. R. Civ. P 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro.*

*Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Taking this standard into consideration, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  In particular, "the pleadings of a pro se plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

Reading Plaintiff's complaint liberally, he alleges claims for excessive force and deliberate indifference to medical needs.  For the reasons set forth below, both of these claims are dismissed.

I. **Time-Barred Claims**

The statute of limitations for a §1983 arising in New York is three years. *See Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir. 1999).  "[A] Section 1983 claim for excessive force accrues on the date the excessive force took place." *Harrigan v. City of New York*, No. 19-CV-3489, 2020 WL 2555307, at *3 (S.D.N.Y. May 20, 2020) (citing *Daniels v. City of New York*, 2019

WL 1437586, at *2 (S.D.N.Y. Mar. 31, 2019)).  A Section 1983 claim for deliberate indifference to medical need "accrues when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  Under Federal Rule of Civil Procedure 15, an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).  The central inquiry under Rule 15 is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (citation and quotation marks omitted).

Plaintiff alleges that the excessive force and indifference to his medical need occurred on September 7, 2016.  As such, his claims were time-barred after September 7, 2019.  Plaintiff filed his original complaint on June 20, 2018, his amended complaint on October 26, 2018, and his second amended complaint on January 21, 2020.  To the extent Plaintiff asserts a claim for deliberate indifference to his medical need, that claim is time-barred.  In his complaint and his amended complaint, Plaintiff did not allege that he had a medical need that required treatment, that he told the officers that he wanted to go to hospital, or that the officers refused him medical treatment.  Any new allegations arising out of these facts, which are alleged for the first time in his second amended complaint, are time-barred. *See Slayton*, 460 F.3d 215 at 228 ("[C]laims that are based on an entirely distinct set of factual allegations will not relate back.") (citation and quotation marks omitted).[1]

---

[1] Even if Plaintiff's deliberate indifference claim was not time barred, it would fail on the merits. Plaintiff alleges that he suffered a bump and bruises on his forehead, head pain, bruises on his wrists, and numb wrists. Plaintiffs alleged injuries do not meet the objective prong of the deliberate indifference test, under which Plaintiff must demonstrate that the alleged deprivation was

Plaintiff's excessive force claims do relate back to his amended complaint. Defendants argue that Plaintiff's excessive force claims are time-barred because he now alleges that he was roughed up at "some unspecified time *after his arrest*," whereas the Court construed his first amended complaint to allege that he was roughed up "*when they arrested him*." See Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Def. Memo") (ECF No. 52) at 4. Liberally construing Plaintiff's first amended complaint, the Court finds that the excessive force allegations were not necessarily limited to when Plaintiff was being arrested. *See* Def. Memo at 7 ("While plaintiff did not overtly allege in the Amended Complaint that his claims against defendants Bulding, Rentas and Leote arose from the events immediately surrounding his September 7, 2016 arrest at the Bronx Supreme Criminal Court, this Office and the Court have presumed as much, and plaintiff has proceeded in accordance with that presumption."). Indeed, Plaintiff's first amended complaint only alleges that he was "roughed up" and "place[d] in tighted [sic] handcuffs," but does not allege the time or place of this excessive force. Plaintiff's second amended complaint, construed liberally, "renders prior allegations" of being roughed up and improperly handcuffed "more definite and precise." *Slayton*, 460 F.3d at 228. Accordingly, Plaintiff's excessive force claims are not time-barred.

II. **Excessive Force Claims**

Plaintiff alleges two claims of excessive force: first, excessive force in applying tight handcuffs and second, excessive force in removing Plaintiff from the holding cell.

---

"sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Plaintiff's injuries were not sufficiently serious to satisfy the deliberate indifference test. *See Watts v. New York City Police Dep't*, 100 F. Supp. 3d 314, 328 (S.D.N.Y. 2015) ("'[C]ourts in this district have held that terrible and extreme headaches and swelling do not satisfy the objective component of' the deliberate indifference inquiry.") (quoting *Sledge v. Bernstein*, 2012 WL 4761582, at *5 (S.D.N.Y. Aug. 2, 2012)).

A. **Handcuffing**

Unnecessary handcuffing can give rise to a § 1983 excessive force claim "where plaintiff suffers injury as a result." *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 724 (S.D.N.Y. 2017) (citing *Usavage v. Port Auth. of N.Y. and N.J.*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013)). Although handcuffs must be reasonably tight to be effective, an alleged injury more severe than temporary bruising or discomfort may be sufficient to constitute excessive force. *Id*; *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (citing *Kerman v. City of New York*, 261 F.3d 229, 239–40 (2d Cir. 2001)). "In evaluating the reasonableness of handcuffing, a [c]ourt is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *White v. City of New York*, 2019 WL 1428438, *10 (S.D.N.Y. March 29, 2019) (quoting *Lynch*, 567 F. Supp. 2d at 468). Allegations of "brief numbness" are insufficient to sustain an excessive force claim. *Hamlett v. Town of Greenburgh*, 2007 WL 119291, at *3 (S.D.N.Y. Jan. 17, 2007).

Plaintiff's claim does not satisfy the third prong of the unreasonable handcuffing test because he does not allege that his injuries were sufficiently severe.[2] Plaintiff alleges that he suffered bruises on his left and right wrists and that he had numb wrists. It is well established that "brief numbness" is not sufficient to sustain an unreasonable handcuffing claim. *Hamlett*, 2007 WL 119291 at *3. Plaintiff does not allege that he suffered any injury beyond "temporary

---

[2] Defendants only briefly address the merits of Plaintiff's claims and assert that Plaintiff "failed to allege that he informed the defendant officers of his discomfort." Def. Memo at 10. The Court disagrees. Plaintiff alleges that once he was placed back into the cell with excessively tight handcuffs, he was "screaming that I wanted to go to the hospital" but that the "officers refused my medical treatment." SAC at 5. Though Defendants do not address the second or third prongs of the test—namely that "the handcuffs were unreasonably tight" or "the degree of injury to the wrists," *White*, 2019 WL 1428438 at *10—the Court nevertheless addresses these prongs.

6

discomfort." *See Mittelman v. Cty. of Rockland*, No. 7-CV-6382, 2013 WL 1248623, at *13 (S.D.N.Y. Mar. 26, 2013) ("[T]here is consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort."). Though the bruising to Plaintiff's wrists is troubling, Plaintiff does not allege that it caused him pain, that it lasted for an extended time period, or that it was in any way more than *de minimis*. *See McGarrell v. Arias*, No. 18-CV-2273, 2019 WL 2528370, at *4 (S.D.N.Y. Mar. 1, 2019), *report and recommendation adopted*, No. 18-CV-2273, 2019 WL 1254880 (S.D.N.Y. Mar. 19, 2019) ("De minimis injuries from handcuffing such as numbness or inflammation are insufficient to sustain an excessive force claim."); *see also id.* ("Minor cuts from handcuffing do not support an excessive force claim, even if the cuts result in some bleeding."). Plaintiff also does not allege that he ever sought medical treatment for his injuries, nor does he allege that he was left handcuffed in a painful posture for an extended amount of time. *Cf. Calamia v. City of New York*, 879 F.2d 1025, 1035 (2d Cir. 1989) (holding that a jury could reasonably determine that handcuffing a defendant in a painful position for five or six hours may constitute excessive force).[3] Accordingly, Plaintiff's claim for unreasonable handcuffing is dismissed.

### B. **Removal from Holding Cell**

Plaintiff also alleges excessive force when he was removed from the holding cell to be handcuffed. Specifically, Plaintiff alleges that his head and body "hit the wall" when he was pulled out from the holding cell and that he was "shoved [] against the wall" as handcuffs were placed on

---

[3] The lack of detail in Plaintiff's complaint is not for lack of attempt. In its previous Opinion & Order, the Court noted that Plaintiff's excessive force claim was lacking detail. *See* Opinion & Order at 8 ("Without specific allegations of injuries that resulted from being 'roughed up' or placed in tightened handcuffs, Plaintiff's claim for excessive force fails."); *id.* ("[S]ince [Plaintiff] could plausibly allege claims for excessive force—by including specific allegations of injury and details of the alleged excessive force—he is granted leave to amend his complaint to include any such allegations."). However, Plaintiff failed to address these deficiencies in his second amended complaint.

him. Given that Plaintiff claims that this excessive force occurred while he was being detained in the holding cell, the Fourteenth Amendment due process clause applies. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015).[4] For an excessive force claim pursuant to the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. In considering whether force was objectively reasonable or unreasonable, the court considers factors including: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* Moreover, "claims for excessive force under the Fourteenth Amendment must involve force that is either 'more than de minimis' or 'repugnant to the conscience of mankind.'" *Lewis v. Huebner*, No. 17-CV-8101, 2020 WL 1244254, at *5 (S.D.N.Y. Mar. 16, 2020) (citing *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999)).

Plaintiff fails to allege a Fourteenth Amendment violation because the force used against him and his resulting injuries were *de minimis*. Plaintiff was in an argument with Detective Bulding while inside the holding cell, he was pulled out for the purpose of handcuffing him, and was immediately returned to the cell. The fact that Plaintiff's head and body hit the wall while he

---

[4] There is some ambiguity as to Plaintiff's status at the time of the alleged excessive force. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018) ("Arrestees may invoke the Fourth Amendment's prohibition against 'unreasonable' seizures. U.S. Const. amend. IV . . . . Meanwhile, pretrial detainees and non-incarcerated persons rely on the constitutional guarantee of 'due process.' U.S. Const. amends. V, XIV."). Although the Court proceeds with the analysis under the Fourteenth Amendment due process clause, Plaintiff's claims would not survive under either the Fourth or the Fourteenth Amendment. *See Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000) ("A claim that excessive force was used . . . is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest.") (citing *Graham v. Connor*, 490 U.S. 386, 395–396 (1989)).

was removed from the holding cell and handcuffed, without additional facts, does not allege more than a *de minimis* amount of force used by Defendants. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) ("[A] de minimis use of force will rarely suffice to state a constitutional claim."). Moreover, the extent of Plaintiff's injuries—a bump on his forehead and head pain—are also insufficient to support Fourteenth Amendment liability. *See Ferebee v. City of New York*, No. 15-CV-1868, 2017 WL 2930587, at *8 (S.D.N.Y. July 6, 2017) ("[*D*]*e minimis* injury can serve as conclusive evidence that *de minimis* force was used.") (citing *Washpon v. Parr*, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008)). Finally, handcuffing necessarily involves some degree of force, and the amount of force used by Defendants while handcuffing Plaintiff was not disproportionate to the need. For these reasons, Defendants did not use "an objectively unreasonable degree of force," *Edrei v. Maguire*, 892 F.3d 525, 536 (2d Cir. 2018), and Plaintiff's excessive force claim is dismissed.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. The Clerk is respectfully directed to close this case.

**SO ORDERED.**

**Dated: June 11, 2020**
    **New York, New York**

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**